### MERRIMACK.

---

### PHŒNIX MUTUAL LIFE INSURANCE CO. *v*. CLARK.

In an action for the penalty of a contract under seal, the amount equitably due may be determined by a referee.

DEBT, on a bond. Judgment on the verdict for the plaintiffs was ordered at the December term, 1879. *Ante* 345. At the next April term, the defendant filed the following paper:

· The jury having returned a verdict that the instrument declared upon is the defendant's deed, the defendant says that at the time of the execution and delivery of the bond, Hollis O. Dudley was a defaulter to said company in a large sum, to wit, $1,000; that such defalcation was well known to said company and to its general agent, C. W. Moore, and that said Dudley, with the full knowledge by the plaintiffs of such defalcations, then and afterwards subsisting by reason of new policies and renewals committed to him from time to time, continued to be a defaulter, discharging old liabilities, but incurring new and increasing liabilities and defalcations, until the end of his employment; that said company, with full knowledge of such defalcations and of said Dudley's untrustworthiness, fraudulently concealed the same from the defendant, at said Dudley's request, and with such full knowledge of all the same from time to time, in fraud of the defendant's rights, and in bad faith towards him, committed such new policies and renewals to said Dudley without notice to the defendant; and that there is now nothing equitably due from the defendant to the plaintiffs, or if anything, it is a sum much less than the penalty of said bond, to wit, the sum of one dollar; all arrearages beyond this on the part of said Dudley, not by him paid and discharged, having been incurred in bad faith towards the defendant on the plaintiffs' part, and in fraud of his rights.

The court ordered the case sent to a referee to ascertain the amount equitably due the plaintiffs. The plaintiffs raised the

question of the constitutionality of this order; and moved for an order that in ascertaining what is equitably due on the bond to the plaintiffs, it shall not be open to the defendant before the referee to inquire into any matter except the actual indebtedness of Dudley to the plaintiffs, which is covered by the bond.

*Lane* and *Rand*, for the plaintiffs.

*C. R. Morrison*, for the defendant.

Doe, C. J. In actions for the recovery of any penalty or forfeiture in any obligation or contract under seal, the court shall render judgment for such amount as is equitably due, or as will indemnify the plaintiff for the damages sustained by the breach of the condition. G. L., *c.* 232, *s.* 9. By the provincial law, where the forfeiture or penalty of any obligation, with a condition underwritten, was found by verdict of jury, or by default or confession, the justices of the court were authorized to moderate the rigor of the law, and on consideration of such cases according to equity and good conscience to chancer such forfeiture, to enter up judgment for the just debt and damages, and to award execution accordingly. Act of 1699, Laws, ed. 1771, p. 7, *s.* 8; 3 Prov. Papers 86, 218. In the ante-constitutional practice the forfeiture was chancered by the court, and the amount equitably due may now be determined by a referee. In this case the referee may be directed to report the amount legally due, the amount equitably due, and all facts that may be proved bearing on the questions of legal and equitable indebtedness. The materiality and effect of any special facts found by the referee can be considered hereafter.

*Case discharged.*

Foster, J., did not sit: the others concurred.